IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 0419 3:18CR00318-001 |
| ) | |
| Mark Steven Gaddy ) | |
| Defendant ) | |

### AGREED ORDER AND JUDGMENT
### TO REVOKE SUPERVISED RELEASE

Upon Petition of the U.S. Probation Office, joined herein by the United States and the defendant, to revoke the supervised release of defendant Mark Steven Gaddy, for good cause shown therein, and based on agreement of the parties as set forth herein:

AGREEMENT OF UNITED STATES AND DEFENDANT

The defendant stipulates and agrees that the government may prove the facts pertaining to the New Law Violation(s) alleged in the Petition by way of the written proffer set forth by the Probation Office in the Petition. That written proffer provides as follows:

1. NEW LAW VIOLATION (Date violation concluded: 4/2/2021). The defendant has violated the condition of supervision that states, "The defendant shall not commit another federal, state, or local crime," in that, on 4/2/21, in Spartanburg County, SC, the defendant was charged with and arrested for the offense of Domestic Violence, 3rd Degree. The defendant and his wife were staying at the Best Western in Spartanburg, SC on 4/2/21. Law enforcement was summoned to the Best Western for a domestic incident between the defendant and his wife, Charlotte Gaddy. Ms. Gaddy reported to law enforcement that the defendant was heavily intoxicated. Ms. Gaddy

1

indicated an argument ensued, which resulted in the defendant grabbing her by her hair and pulling her off the bed onto the floor. Ms. Gaddy then reported that the defendant placed his foot over her mouth and nose. Additionally, the defendant failed to obtain approval for his trip to South Carolina and admitted that he failed to report his arrest for fear of court action. (Grade C)

2. NEW LAW VIOLATION (Date violation concluded: 12/4/2021). The defendant has violated the condition of supervision that states, "The defendant shall not commit another federal, state, or local crime," in that, on 12/4/21, in Lumberton, NC, the defendant was charged with and arrested for the offense of Communicating Threats. This offense remains pending in Roberson County, NC. Law enforcement were summoned to the Hamilton Inn in Lumberton, NC to address the defendant, who was heavily intoxicated. The front desk clerk alleged that the defendant communicated threats and the employee feared that he might be assaulted. The defendant admitted that he was heavily intoxicated and had little recollection of the events that occurred on 12/4/21. Additionally, the defendant failed to obtain approval for his trip to the Eastern District of North Carolina. (Grade C)

The defendant does not contest, but does not admit, said facts for the purpose of this supervised release violation proceeding, and the defendant offers no contrary evidence. The defendant further stipulates and agrees that the Court may find facts and make determinations as to guilt or innocence of said New Law Violation(s) based on the written proffer set forth by the Probation Office in the Petition.

With respect to all of the Violations alleged in the Petition except for the New Law Violation(s), the defendant stipulates and agrees that he/she did, in fact, violate the conditions of

2

1. The defendant shall report to the probation office in the federal judicial district where he/she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.
2. The defendant shall report to the probation officer in a manner and frequency as directed by the Court or probation officer.
3. The defendant shall not leave the federal judicial district where he/she is authorized to reside without first getting permission from the Court or probation officer.
4. The defendant shall answer truthfully the questions asked by the probation officer. However, defendant may refuse to answer a question if the truthful answer would tend to incriminate him/her of a crime. Refusal to answer a question on that ground will not be considered a violation of supervised release.
5. The defendant shall live at a place approved by the probation officer. The probation officer shall be notified in advance of any change in living arrangements (such as location and the people with whom the defendant lives). If advance notification is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. The defendant shall allow the probation officer to visit him/her at any time at his/her home or any other reasonable location as determined by the probation office, and shall permit the probation officer to take any items prohibited by the conditions of his/her supervision that the probation officer observes.
7. The defendant shall work full time (at least 30 hours per week) at lawful employment, actively seek such gainful employment or be enrolled in a full time educational of vocational program unless excused by the probation officer. The defendant shall notify the probation officer within 72 hours of any change regarding employment or education.
8. The defendant shall not communicate or interact with any persons he/she knows is engaged in criminal activity, and shall not communicate or interact with any person he/she knows to be convicted of a felony unless granted permission to do so by the probation officer.
9. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.
10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential informant without first getting the permission of the Court.
12. The defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or controlled substance or any psychoactive substances (including, but not limited to, synthetic marijuana, bath salts) that impair a person's physical or mental functioning, whether or not intended for human consumption, or any paraphernalia related to such substances, except as duly prescribed by a licensed medical practitioner.
13. The defendant shall participate in a program of testing for substance abuse. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of the testing. The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer

## AGREED SENTENCE

Based on the foregoing, the Court finds as fact by a preponderance of the evidence that the Defendant is guilty of the alleged violations of supervised release, including the New Law Violation(s) set forth in the Petition.

Upon agreement of the parties as set forth above, it is hereby ORDERED that the previously imposed period of supervised release is REVOKED.

It is further ORDERED that the defendant Mark Steven Gaddy be and is hereby SENTENCED to a term of imprisonment of 5 months on Count 1 of the Judgment.

It is further ORDERED that after being released from the sentence of imprisonment ordered herein, the defendant be and is hereby ORDERED to serve an additional term of supervised release of 12 months.

It is further ORDERED that during the additional term of supervised release, the defendant must abide by the following mandatory and discretionary conditions that have been adopted by this Court:

Mandatory Conditions:
1. The defendant shall not commit another federal, state, or local crime.
2. The defendant shall not unlawfully possess a controlled substance.
3. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court, unless the condition of mandatory drug testing is waived below.
   *Check if waived*: The condition for mandatory drug testing is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.
4. The defendant shall cooperate in the collection of DNA as directed by the probation officer (unless omitted by the Court).

Discretionary Conditions:

   will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, intensity) (unless omitted by the Court).

14. The defendant shall not go to, or remain at any place where he/she knows controlled substances are illegally sold, used, distributed, or administered without first obtaining the permission of the probation officer.
15. The defendant shall submit to a search if the Probation Officer has a reasonable suspicion that the defendant has committed a crime or a violation of a condition of supervised release. Such a search may be conducted by a U.S. Probation Officer, and such other law enforcement personnel as the probation officer may deem advisable, without a warrant or the consent of the defendant. Such search may be of any place where evidence of the above may reasonably be expected to be found, including defendant's person, property, house, residence, vehicle, communications or data storage devices or media or office.
16. The defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release in accordance with the schedule of payments of this judgment. The defendant shall notify the court of any changes in economic circumstances that might affect the ability to pay this financial obligation.
17. The defendant shall support all dependents including any dependent child, or any person the defendant has been court ordered to support.
18. The defendant shall participate in transitional support services (including cognitive behavioral treatment programs) and follow the rules and regulations of such program. The probation officer will supervise the defendant's participation in the program (including, but not limited to, provider, location, modality, duration, intensity). Such programs may include group sessions led by a counselor or participation in a program administered by the probation officer.
19. The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

  In all other respects, the Judgment previously entered in this matter remains in full force and effect.

  So ORDERED and ADJUDGED, this the ___15th_ day of __August_____, 2022

                        Robert J. Conrad, Jr.
                        U.S. District Court Judge

supervised release as alleged. Accordingly, the defendant stipulates and agrees that he/she has violated the terms and conditions of supervised release in the following respects:

3. FAILURE TO REPORT CONTACT WITH LAW ENFORCEMENT WITHIN 72 HOURS (Date violation concluded: 12/7/2021). The defendant has violated the condition of supervision that states, "The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer," in that, the defendant failed to notify his probation officer within 72 hours of being arrested for the offense of Domestic Violence, 3rd Degree on 4/2/21 in Spartanburg County, SC. Additionally, he failed to notify his probation officer within 72 hours of being arrested for the offense of Communicating Threats in Lumberton, NC on 12/4/21. (Grade C)

4. LEAVING JUDICIAL DISTRICT WITHOUT PERMISSION (Date violation concluded: 3/11/2022). The defendant has violated the condition of supervision that states, "The defendant shall not leave the judicial district without the permission of the court of the probation officer," in that, the defendant left the Western District of North Carolina without permission from his probation officer on the following dates:

   4/2/21 – Spartanburg, SC
   12/4/21 – Lumberton, SC
   2/28/22 – 3/4/22 – Darlington and Hartsville, SC
   3/11/22 – Jefferson, SC
   (Grade C)

5. DRUG/ALCOHOL USE (Date violation concluded: 12/10/2021). The defendant has violated the condition of supervision that states, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or paraphernalia related to any controlled substances, except

3

as prescribed by a physician," in that, during a field contact conducted on 12/10/21, the defendant became complacent after his transfer to Low Intensity Supervision and began using marijuana in July 2021. He further reported that he used marijuana 1-2 weekly from July 2021 until December 10, 2021. (Grade C)

6. FAILURE TO FOLLOW INSTRUCTIONS OF THE PROBATION OFFICER (Date violation concluded: 4/3/2022). The defendant has violated the condition of supervision that states, "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer," in that, the defendant failed to follow the instructions of his probation officer by failing to comply with his drug/alcohol treatment plan at New Beginnings by failing to abstain from the use of alcohol. The defendant admitted to consuming 6 to 12 beers daily combined with bourbon and vodka. As a result of his failure to remain sober, he entered Detox at Daymark of Concord, NC on 3/14/22 – 3/17/22. Upon his release, he relapsed on 3/18/22 and entered Detox for a second time on 3/21/22 at Daymark, Concord, NC. Upon completing Detox at Daymark on 3/27/22, he entered inpatient treatment at Bridge to Recovery. The defendant failed to adhere to his treatment program and was dismissed from treatment on 4/3/22. The defendant has failed to make efforts to comply with treatment. As a result of their concern for his well-being, they have taken possession of all his vehicle keys from him to prevent him from operating a motor vehicle while intoxicated. (Grade C)

The parties stipulate, pursuant to Chapter 7 Policy Statements, U.S. Sentencing Guidelines, that the defendant has a Criminal History Category of III and, if the Court finds the

defendant guilty of the New Law Violation(s) set forth above, that the defendant's violations are a maximum Grade C.

Based thereon the parties stipulate, pursuant to U.S.S.G. §7B1.4, that the Guidelines range of imprisonment for a Grade C violation and a Criminal History Category of III is a term of imprisonment from 5 to 11 months.

If accepted by the Court, the parties agree, pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C) and 32.1, that the Court should revoke supervised release and order the defendant to be imprisoned for a period of 5 months, to be followed by 12 months of supervised release, as set forth below in the Agreed Sentence section of this Order. If the Court rejects this sentencing agreement, the defendant has the right to withdraw from this Agreed Order and have an evidentiary hearing on the Petition for revocation of supervised release.

## DEFENDANT'S ACKNOWLEDGMENT AND WAIVER

The defendant acknowledges that he/she has had an opportunity 1) to review the written notice of the alleged violations of supervised release and 2) to review the evidence against him/her related to those alleged violations.

The defendant further acknowledges that he/she is aware of the following rights and is knowingly waiving these rights in exchange for the agreed sentence:

1) The opportunity to appear personally, present evidence, and question adverse witnesses at a revocation hearing; and

2) The opportunity to make a statement personally to the Court in mitigation of sentence and to present mitigating evidence to the Court.

If the Court accepts the agreed sentence, the defendant knowingly waives the right to contest the revocation of supervised release and the defendant's sentence in any appeal or post-

conviction action. Claims of (1) ineffective assistance of counsel and (2) prosecutorial misconduct, and those claims only, are exempt from this waiver.

The defendant further acknowledges that the Court may impose conditions of supervised release different from or in addition to those that were imposed in the original Judgment.

**APPROVED**

_____
Mark Steven Gaddy
Defendant

_____
Attorney for Defendant

_____
Assistant United States Attorney

_____
Supervisory U.S. Probation Officer

_____
Supervisory Probation Officer

6